IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELLIS-HALL CONSULTANTS, LLC; a Utah limited liability company; and ANTHONY HALL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE B. HOFFMAN IV, an individual; PARSONS KINGHORN HARRIS NKA COHNE KINGHORN, P.C., a Utah professional corporation; MATTHEW M. BOLEY, an individual; KIMBERLY L. HANSEN, an individual; GARY E. JUBBER, an individual; and DAVID R. HAGUE, an individual, FABIAN & CLENDENIN NKA FABIAN VANCOTT, P.C., a Utah professional corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING REQUEST PURSUANT TO FED.R.CIV.P.56(D) AND GRANTING THIRD-PARTY DEFENDANTS PETERSON AND DAVIDSON'S MOTION FOR SUMMARY JUDGMENT<br><br>Consolidated Case No. 2:12-CV-771<br><br>(Consolidated from Case No. 2:15-CV-913)<br><br>Judge Dee Benson |
| In re:<br><br>RENEWABLE ENERGY DEVELOPMENT CORPORATION,<br><br>Debtor,<br><br><br>ELIZABETH R. LOVERIDGE, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>TONY HALL; ELLIS-HALL CONSULTANTS, LLC; SUMMIT WIND POWER, LLC, SSP, A Trust (Scott Rasmussen – Trustee), and DOES I-X,<br><br>Defendants. | |

| | |
|---|---|
| SUMMIT WIND POWER, LLC<br><br>　　　　Counterclaimants,<br>v.<br><br>GEORGE HOFMANN, Chapter 7 Trustee,<br><br>　　　　Counterclaim Defendant. | |
| SUMMIT WIND POWER, LLC, and KIMBERLY CERUTI, an individual,<br><br>　　　　Third-Party Plaintiffs,<br><br>v.<br><br>PARSONS KINGHORN HARRIS, a professional corporation; GEORGE B. HOFMANN; MATTHEW BOLEY; KIMBERLY L. HANSEN; VICTOR P. COPELAND; LISA R. PETERSEN; and MELYSSA DAVIDSON, individuals<br><br>　　　　Third-Party Defendants. | |

This matter is before the Court on Third-Party Defendants Lisa R. Peterson and Melyssa D. Davidson's (collectively "the Moving Parties") motion for summary judgment dismissing all claims asserted by Third-Party Plaintiffs Summit Wind Power, LLC ("Summit Wind") and Kimberly Ceruti ("Ceruti"). (Dkt. No. 74.) On January 4, 2017, Summit Wind filed an opposition to the motion, and on February 16, 2017, Ceruti filed a *pro se* opposition to the motion. (Dkt. Nos. 94 and 113-1, respectively.) The Moving Parties replied to Summit Wind on February 1, 2017, and replied to Ceruti on February 16, 2017. (Dkt. Nos. 111 & 117, respectively.) Accordingly, the motion is ready for decision. Pursuant to civil rule 7-1(f) of the

United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Having reviewed the record in this case, including the written memoranda filed by the parties, the Court rules as follows.

I. <u>Summit Wind's Request Pursuant to Federal Rule of Civil Procedure 56(d)</u>

As an initial matter, the Court denies Summit Wind's Rule 56(d) request for additional discovery. In the bankruptcy court, Judge Thurman provided Summit Wind with the opportunity to engage in discovery related to the issues now before the Court. Counsel for Summit Wind responded by serving several requests for admission, requests for production, and numerous interrogatories. Thereafter, Summit Wind received detailed answers to interrogatories, which showed that Peterson and Davidson were not given communications that would have alerted them to the offending behavior. In addition, Summit Wind had the opportunity to cross-examine Peterson and Davidson at an evidentiary hearing, held before Judge Thurman, on these very issues. As such, the Court finds that the facts material to this motion have already been extensively discovered. Accordingly, Summit Wind's request for additional discovery pursuant to Fed. R. Civ. P. 56(d) is denied.

II. <u>Peterson & Davidson's Motion for Summary Judgment</u>

The Court concludes that even construing the facts in the light most favorable to the Third Party Plaintiffs there is an insufficient factual basis to support the Third Party Plaintiffs' claims against Peterson and Davidson. More specifically, the Court finds that the claims alleged

do not arise out of any representation by either Peterson or Davidson as counsel for Third-Party Plaintiffs Summit Wind or Ceruti.

Moreover, the Court finds there is no evidence to support a finding that Davidson and/or Peterson knew about any potential conflict of interest regarding Ceruti or Summit Wind. To the contrary, the undisputed evidence shows that Peterson and Davidson did not know, and had no reasonable basis to know, of Summit Wind or Ceruti's alleged current representation and the alleged offending behavior of other attorneys affiliated with Parsons Kinghorn & Harris. Similarly, there is no evidence that Peterson or Davidson knew about Hofmann's March 23, 2012 letter either before or at the time it was sent, or that they had any involvement whatsoever in the issues or facts discussed in Hofmann's March 23, 2012 letter to Ellis-Hall Consulting.

Accordingly, the Court concludes that the Third-Party Plaintiffs, Summit Wind and Ceruti, have improperly included Peterson and Davidson in the Third-Party Complaint, and Peterson and Davidson's motion for Summary Judgment is GRANTED.

DATED this 23rd day of August, 2017.

BY THE COURT:

_____
Dee Benson
United States District Judge