# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELLIS-HALL CONSULTANTS, LLC, a Utah limited liability company; and ANTHONY HALL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE B. HOFFMANN IV, an individual; PARSONS KINGHORN HARRIS NKA COHNE KINGHORN, P.C., a Utah professional corporation; MATTHEW M. BOLEY, an individual; KIMBERLEY L. HANSEN, an individual; GARY E. JUBBER, an individual; and DAVID R. HAGUE, an individual, FABIAN & CLENDENIN NKA FABIAN VANCOTT, P.C., a Utah professional corporation,<br><br>Defendants. | **RULING & ORDER**<br><br>Case No. 2:12-cv-00771<br><br>Member Case 2:15-cv-00913<br><br>Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

The following matters are before the court pursuant to a 28 U.S.C. §636(b)(1)(A) referral from the District Court. (ECF No. 171.) Currently pending are Defendants and Third-Party Defendants George B. Hofmann, Matthew Boley, Kimberly Hansen and Victor Copeland's (collectively Defendants) motions seeking to compel non-parties Cedar City Wind (CCW), Carbon Free Power (CFP), Monticello Wind Farm Project (MWFP), Monticello Wind Farm 2

(MWF2), Monticello Wind Farm II (MWFII), Monticello Wind Farm LLC (MWFLLC), Western Investment Alliance (WIA) and Sage Grouse Energy Project, LLC's (SGEP) to comply with the subpoenas duces tecum, and Defendants' motions to compel Plaintiffs Anthony Hall (Hall) and Ellis-Hall Consultants (EHC) to respond to written discovery. (ECF No. 222, ECF No. 223.)

**PENDING MOTIONS**

As to the pending motions seeking compliance, the court rules as follows:

**1. Third Party Cedar City Wind.**

On March 27, 2018, Defendants provided notice to the parties of their intent to serve a subpoena duces tecum on non-party CCW. (ECF No. 214-2.) Receiving no objections, Defendants mailed the subpoena to CCW's Registered Agent on April 3, 2018. (ECF No. 214-3.) CCW's counsel, Michael E. Pfau (Attorney Pfau), responded indicating that CCW's "legal existence" was canceled in September 2015 and prior to its cancellation CCW "never sought to enforce any of the 'Blue Mountain Wind Asset' leases or executory contracts described in the subpoena." (ECF No. 214-4.)

On April 20, 2018, Defendants informed Attorney Pfau that CCW's responses were inadequate and requested to meet and confer. (ECF No. 214-5.) A day later, Attorney Pfau emailed Defendants reaffirming that CCW was cancelled and stating it "has no records." (ECF No. 214-7.) Thereafter, Defendants made additional attempts to meet and confer, without response. (ECF No. 214-8.)

Defendants filed and served their motion to compel against CCW on July 26, 2018. (ECF No. 214.) As of this date, no response to the motion has been filed. Accordingly, Defendants unopposed motion to compel is granted. CCW failed to produce materials responsive to Defendants' April 3, 2018, subpoena duces tecum or raise a proper objection thereto. As a result, it is ORDERED that:

> CCW shall produce the documents, records and/or materials responsive to Defendants' subpoena, or respond appropriately claiming privilege or protection under Rule 45 of the Federal Rules of Civil Procedure **within thirty days of the date of this Order.** The parties are further ordered to meet and confer to resolve any issues and address any confusion surrounding the materials sought no later than **September 7, 2018.** Failure to comply may be grounds for sanctions.

2. **Carbon Free Power, Monticello Wind Farm, Monticello Wind Farm 2, Monticello Wind Farm II, Monticello Wind Farm, LLC, Western Investment Alliance and Sage Grouse Energy Project.**

On March 27, 2018, Defendants provided notice to the parties in this case of their intent to serve subpoenas duces tecum on non-parties CFP, MWF, MWF2, MWFII, MWFLLC, WIA and SGEP. (ECF No. 215-2, ECF No. 216-2, ECF No. 217-2, ECF No. 218-2, ECF No. 219-2, ECF No. 220-2, ECF No. 221-2.) Receiving no objections, on April 3, 2018, Defendants mailed subpoenas to the non-parties' Registered Agents commanding a response by April 20, 2018. (ECF No. 215-3, ECF No. 216-3, ECF No. 217-3, ECF No. 218-3, ECF No. 219-3, ECF No. 220-3, ECF No. 221-3.) None of the non-parties responded to the subpoenas. As a result, Defendants sent letters requesting to meet and confer. (ECF No. 215-4, ECF No. 216-4, ECF No.

217-4, ECF No. 218-4, ECF No. 219-4, ECF No. 220-4, ECF No. 221-4.) On April 25, 2018, a stay was imposed and therefore a meet and confer was never held. (ECF No. 180, ECF No. 181.)

After expiration of the stay, Defendants scheduled another telephonic meet and confer for June 27, 2018 at 10:00. (ECF No. 215-5, ECF No. 216-5, ECF No. 217-5, ECF No. 218-5, ECF No. 219-5, ECF No. 220-5, ECF No. 221-5.) On that date, Defendants were waiting on the conference line, but none of the non-parties appeared. On July 10, 2018, Kimberly Ceruit (Ms. Ceruti) emailed Defendants indicating that she may be the individual responsible for responding to the subpoenas. At Ms. Ceruti's request, all relevant materials were placed on a disc and made available for her at the front desk of the law firm Strong & Hanni. (ECF No. 215-5, ECF No. 216-6, ECF No. 217-6, ECF No. 218-6, ECF No. 219-6, ECF No. 220-6, ECF No. 221-6.) Based on non-parties' failure to any produce materials sought, object, or otherwise respond to the subpoena, Defendants filed their pending motions to compel on July 26, 2018. (ECF No. 215, ECF No. 216, ECF No. 217, ECF No. 218, ECF No. 231, ECF No. 232, ECF No. 233, ECF No. 229.)

On August 2, 2018, non-parties responded to Defendants' motions to compel through their attorney, Jared Bramwell (Attorney Bramwell). Non-parties mount procedural challenges to the subpoenas, arguing: (1) the subpoenas failed to include a copy of local rule 37-1(a)(9)(2) and; (2) Defendants failed to effectuate personal service. (ECF No. 226, ECF No. 227, ECF No. 228, ECF No. 229, ECF No. 230, ECF No. 231, ECF No. 232.)

a. <u>Failure to include rule</u>.

Local rule 37-1(a)(9) states:

> A party subpoenaing a non-party must include a copy of this rule with the subpoena. Any motion to quash, motion for a protective order, or motion to compel a subpoena will follow this procedure.

DUCivR 37-1(a)(9). Defendants admittedly failed to include a copy of local rule 37-1(a)(9), but did include a copy of the federal rule setting forth the protections available to a recipient of a third-party subpoena. Given that non-parties clearly "figured out how to seek this Court's protection as demonstrated by this motion[,]" Defendants' technical failure to include a copy of the local rule does not provide sufficient grounds to deny the Defendants' motions to compel. *Wopstock v. Dalton*, 2018 U.S. Dist. LEXIS 54605 *18 (D. Utah, March 29, 2018).

b. <u>Service of Subpoena</u>

Non-parties also argue they were not personally served with the subpoenas in violation of the federal rules. Again, Defendants do not dispute that the subpoenas were delivered via mailed, but argue the non-parties did not indicate personal service was required[1] and objections to the subpoenas were not raised until after Defendants filed their motions to compel.

---

[1] Defendants assert the non-parties were asked to indicate if they required personal service, as set forth in the letter attached to subpoenas:

> Please note that if you send us a copy of the requested records, <u>it is not necessary for you to personally appear in answer to this subpoena.</u> Should you require personal service of this subpoena, please contact me immediately at (801) 532-7080.

Rule 45 of the Federal Rules of Civil Procedure addresses service of subpoenas on non-parties:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

Fed. R. Civ. P. 45(b)(1); *see also Thompson v. Gonzales*, 2016 U.S. Dist. LEXIS 132673 *Lehman v. Kornblau*, 206 F.R.D. 345, 346-47 (E. D. N. Y. 2001) ("Where discovery is sought from non-parties, a court's subpoena power is invoked pursuant to federal rule 45.") Rule 45 applies to persons, encompassing both parties and non-parties. *See* Rule 45, Advisory Committee Note, 2013 Amendments. The "longstanding interpretation of Rule 45 has been that personal service of a subpoena is required." *Bank of Okla. v. Arnold*, 2008 U.S. Dist. LEXIS 12677 *4 (N. D. Okla. Feb. 20, 2008) (*citing* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §2454 (2d ed. 2007). Yet, recognizing the ambiguity of Rule 45 in the context of other federal rules, an "emerging minority position" has determined that "service of a subpoena under Rule 45 [is] proper absent personal service." *Id.* at *5 (*citing* Wright & Miller at §2454). Courts allowing other service generally limit extensions to service "in a manner that reasonably insures actual receipt of the subpoena". *King v. Crown Plastering Corp.,* 170 F.R.D. 355, 356 (E. D. N. Y. 1997).

In this case, given the responses filed, it is clear that non-parties and Attorney Bramwell have received the subpoenas. Indeed, non-parties do not raise a failure to receive. Rather, they

6

challenge the subpoenas on the basis of procedural technicalities. While the court could certainly require Defendants to re-serve the subpoenas, to do so would elevate form over substance and fly in the face of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Courts have authority, "governed not by rule or statute but by the control necessarily vest in [them] to manage their own affairs so as to achieve the orderly and expedition disposition of cases." *Link v. Wabash R. Co.,* 370 U.S, 626, 630-31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962) (footnote omitted), and this court has wide discretion in controlling discovery. Accordingly, the court finds non-parties have received adequate notice of the subpoena and it is ORDERED that:

> Non-parties shall produce the documents, records and/or materials responsive to Defendants' subpoena, or respond appropriately claiming privilege or protection under Rule 45 of the Federal Rules of Civil Procedure **within thirty days of the date of this Order.** The parties are further ordered to meet and confer to resolve any issues or address confusion surrounding the materials sought no later than **September 7, 2018.** Failure to comply may be grounds for sanctions.

### 3. **Anthony Hall and Ellis-Hall Consultants.**

On May 19, 2017, Defendants served Plaintiffs Hall and EHC with their first set of request for production of documents. (ECF No. 222-1, ECF No. 223-1.) Hall and EHC did not respond to the requests. After a scheduling order was issued, Defendants provided Hall and EHC with an extension of time to respond. On February 23, 2018, Hall and EHC responded to Defendants' first set of requests for production. (ECF No. 222-3, ECF No. 223-3.)

On March 7, 2018, Defendants served both Hall and EHC with interrogatories and EHC with a second set of requests for production of documents. (ECF No. 222-2, ECF No. 223-2.) As of this date, neither Hall nor EHC have responded to the interrogatories or second requests for production. Defendants attempted to meet and confer with Hall and EHC's counsel, Jared Bramwell (Attorney Bramwell). (ECF No. 222-4.) However, in an email dated July 9, 2018, Attorney Bramwell indicated that he was not prepared to meet but hoped "to be able to address it with you next week sometime, if that works." (*Id.*) As of this date, counsel has not provided Defendants with any potential dates or times to meet and confer. On July 27, 2018, Defendants filed their pending motions to compel. (ECF No. 222, ECF No. 223.)

Hall and EHC oppose the motions to compel and request a sixty-day (60) extension to allow Attorney Bramwell additional time to familiarize himself with the case. Hall and EHC argue that Defendants are exploiting Attorney Bramwell's unfamiliarity "with this complex, multi-faceted case by imposing overwhelming demands and taking advantage of counsel's and Plaintiffs' known schedule and limitations." (ECF No. 238, ECF No. 239.) Upon review of the parties' arguments, the court rules as follows.

Given that Defendants' motions to compel responses were filed over a month ago, Bramwell has already had over thirty days to familiarize himself with the case. Accordingly, the court ORDERS:

> Hall and EHC shall produce the documents, records and/or materials responsive to Defendants' requests for production of documents and interrogatories **within thirty days of the date of this Order.** The parties are further ordered to meet and confer to resolve any issues to resolve any issues or address confusion surrounding the materials sought no later than **September 7, 2018.** Failure to comply may be grounds for sanctions.

## **ORDER**

1. Defendants' motion to compel Cedar City Wind's compliance with Subpoena Duces Tecum is granted in part. (ECF No. 214.)

2. Defendants' motions to compel Carbon Free Power, Monticello Wind Farm, Monticello Wind Farm 2, Monticello Wind Farm II, Monticello Wind Farm, LLC, Western Investment Alliance and Sage Grouse Energy Project's compliance with Subpoena Duces Tecum is granted in part. (ECF No. 215, ECF No. 216, ECF No. 217, ECF No. 218, ECF No. 231, ECF No. 232, ECF No. 233, ECF No. 229.)

3. Defendants' motion to compel Plaintiff Anthony Hall to provide discovery responses is granted in part. (ECF No. 222.)

4. Defendants' motion to compel Plaintiff Ellis-Hall Consultants to provide discovery responses is granted in part. (ECF No. 223.)

SO ORDERED this 31st day August, 2018.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge