IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELLIS-HALL CONSULTANTS, LLC; a Utah limited liability company; and ANTHONY HALL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE B. HOFFMAN IV, an individual; PARSONS KINGHORN HARRIS NKA COHNE KINGHORN, P.C., a Utah professional corporation; MATTHEW M. BOLEY, an individual; KIMBERLY L. HANSEN, an individual; GARY E. JUBBER, an individual; and DAVID R. HAGUE, an individual, FABIAN & CLENDENIN NKA FABIAN VANCOTT, P.C., a Utah professional corporation,<br><br>Defendants. | ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER AND ENTER DEFAULT<br><br>Consolidated Case No. 2:12-CV-771<br><br>(Consolidated from Case No. 2:15-CV-913)<br><br>Judge Dee Benson |
| In re:<br><br>RENEWABLE ENERGY DEVELOPMENT CORPORATION,<br><br>Debtor,<br><br><br>ELIZABETH R. LOVERIDGE, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>TONY HALL; ELLIS-HALL CONSULTANTS, LLC; SUMMIT WIND POWER, LLC, SSP, A Trust (Scott Rasmussen – Trustee), and DOES I-X,<br><br>Defendants. | |

| | |
|---|---|
| SUMMIT WIND POWER, LLC<br><br>   Counterclaimants,<br>v.<br><br>GEORGE HOFMANN, Chapter 7 Trustee,<br><br>   Counterclaim Defendant. | |
| SUMMIT WIND POWER, LLC, and KIMBERLY CERUTI, an individual,<br><br>   Third-Party Plaintiffs,<br><br>v.<br><br>PARSONS KINGHORN HARRIS, a professional corporation; GEORGE B. HOFMANN; MATTHEW BOLEY; KIMBERLY L. HANSEN; VICTOR P. COPELAND; LISA R. PETERSEN; and MELYSSA DAVIDSON, individuals<br><br>   Third-Party Defendants. | |

   This matter is before the Court on Plaintiffs' Motion to Strike and Enter Default. (Dkt. No. 446.) Specifically, Plaintiffs ask this Court strike Defendants' and Third-Party Defendants' Answer and enter default against them, pursuant to Federal Rule of Civil Procedure 37, as a sanction for Defendants' willful, persistent, and substantial discovery abuses. (*Id.* at 8 & 22.)

   On July 29, 2019, the Court, accompanied by Magistrate Judge Pead, heard argument on this[1] and several other motions.[2] Seven of the motions were "non-dispositive" and referred to

---

[1] The Court provided the parties with advanced notice that it intended to discuss Plaintiffs' Motion to Strike and Enter Default at the July 29, 2019 hearing. (Dkt. No. 457, DTO ("The court . . . requests that the parties come to the [July] 29, 2019 hearing prepared to address the following: 1. Pending motion[] . . . 446").)

Magistrate Judge Pead pursuant to 28 U.S.C. § (b)(1)(A).  At the conclusion of the July 29, 2019 hearing, Magistrate Judge Pead ruled from the bench on the motions before him.  Judge Pead's ruling was memorialized in a written Order the following day.  (Dkt. No. 463, July 30, 2019 Ruling & Order.)  However, the Court agreed to defer ruling on Plaintiffs' Motion to Strike and Enter Default because the time for Plaintiffs to submit a reply brief had not yet expired and thus briefing was incomplete.

Plaintiffs' Motion to Strike and Enter Default is now ripe for decision.  As stated above, the Court heard argument on the motion on July 29, 2019.  The Court concludes that an additional hearing would not significantly aid in its determination of the motion and elects to decide the motion on the basis of the written memoranda.  DUCivR 7-1(f).

## **DISCUSSION**

The Stipulated Amendment to the Second Amended Scheduling Order in this case requires that fact discovery be completed by May 17, 2019.  Subsequent to May 17, 2019, however, Defendants supplemented their disclosures with approximately 275 pages on May 28, 2019, and three additional pages on May 29 and May 30.  (Dkt. No. 461 at 4.)  Plaintiffs claim that this conduct violated the case management order and was an abuse of the discovery process because Defendants (1) failed to disclose important documents in the first instance, and (2) failed to supplement discovery responses until after the close of fact discovery.  (Dkt. No. 446 at 8.)  Plaintiffs claim that these discovery abuses resulted in "substantial prejudice" to Plaintiffs and

---

[2] On August 12, 2019, Plaintiffs filed "Objections to the Order & Ruling" (Dkt. No. 475), asserting that Magistrate Judge Pead reached the wrong conclusion on the following five motions: Plaintiffs' Motion to Compel (Dkt. No. 408); Defendants' Motion for Protective Order (Dkt. No. 419); Defendants' Motion to Compel (Dkt. No. 409); Plaintiffs' Motion to Stay or Extend Expert Deadlines (Dkt. No. 449); and Plaintiffs' Motion for a Protective Order (Dkt. No. 456).  (*See* Dkt. No. 475, Plaintiffs' Objections.)  On September 6, 2019, the Court overruled Plaintiffs' objections, finding no basis to conclude that the Magistrate Judge's rulings were clearly erroneous or contrary to law.  (Dkt. No. 494.)

that the appropriate sanction for such conduct is to strike Defendants' answer and enter default against them. (*Id*)

The Court disagrees. As an initial matter, Federal Rule of Civil Procedure 26(e) requires supplementation of discovery when a party "learns that in some material respect the disclosure or response is incomplete or incorrect, and if corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or . . . as ordered by the court." (*Id.*) The Stipulated Amendment to the Second Amended Scheduling Order in this case provides that the final date for supplementation under Rule 26(e) is "*30 days before trial*." (Dkt. No. 374, ¶ 2.m.) Defendants have explained that it was not until after they had received the Michael Pfau documents from Plaintiffs, on May 22, 2019, that Defendants realized they were in possession of some documents that had not already been produced. (Dkt. No. 461 at 3.) Although the individual defendants had provided the documents to defense counsel, "they had been inadvertently omitted from prior productions." (*Id.* at 3.) Knowing that the prior disclosures were incomplete, Defendants provided Plaintiffs with the previously omitted documents in accord with Rule 26(e) and the Stipulated Amendment to the Second Amended Scheduling Order.

Additionally, the Court is not convinced that the recently produced documents are as significant, critical, or relevant as Plaintiffs maintain. For instance, it appears that many of the documents are not new and many do not contain substantive information. (Dkt. No. 461, ¶¶ 11-13.) Further, Plaintiffs' memorandum in support identified as "significant" only two specific emails, both involving conversations with Mr. Hoffman. (Dkt. No. 446 at 12.) However,

that the appropriate sanction for such conduct is to strike Defendants' answer and enter default against them. (*Id*)

The Court disagrees. As an initial matter, Federal Rule of Civil Procedure 26(e) requires supplementation of discovery when a party "learns that in some material respect the disclosure or response is incomplete or incorrect, and if corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or . . . as ordered by the court." (*Id.*) The Stipulated Amendment to the Second Amended Scheduling Order in this case provides that the final date for supplementation under Rule 26(e) is "*30 days before trial*." (Dkt. No. 374, ¶ 2.m.) Defendants have explained that it was not until after they had received the Michael Pfau documents from Plaintiffs, on May 22, 2019, that Defendants realized they were in possession of some documents that had not already been produced. (Dkt. No. 461 at 3.) Although the individual defendants had provided the documents to defense counsel, "they had been inadvertently omitted from prior productions." (*Id.* at 3.) Knowing that the prior disclosures were incomplete, Defendants provided Plaintiffs with the previously omitted documents in accord with Rule 26(e) and the Stipulated Amendment to the Second Amended Scheduling Order.

Additionally, the Court is not convinced that the recently produced documents are as significant, critical, or relevant as Plaintiffs maintain. For instance, it appears that many of the documents are not new and many do not contain substantive information. (Dkt. No. 461, ¶¶ 11-13.) Further, Plaintiffs' memorandum in support identified as "significant" only two specific emails, both involving conversations with Mr. Hoffman. (Dkt. No. 446 at 12.) However,

Defendants assert that one of these two significant emails actually supports Defendants' position. (Dkt. No. 461, ¶ 15.)

Moreover, even if, as Plaintiffs claim, the documents produced on May 28 were critical, significant, and relevant, Defendants point out that Plaintiffs could have asked questions about the documents at Parson Kinghorn Harris' 30(b)(6) deposition, which the parties had agreed would be taken on May 30, 2019.[3] However, rather than proceeding with the deposition, on the day before it was scheduled to occur, Plaintiffs cancelled it. (Dkt. No. 420-14.)

The Court also finds it significant that even though Plaintiffs unilaterally cancelled the May 30, 2019 deposition, the Defendants nonetheless tried to mitigate any issues relating to the documents. Specifically, at a "Meet and Confer" between the parties, held on July 9, 2019, Defendants explicitly offered to produce Mr. Hoffman for a supplemental deposition if Plaintiffs wanted to ask questions about the new documents. (Dkt. No. 461 at 14 & July 29, 2019 Hearing Transcript at 30.) For reasons that are not entirely clear to the Court, Plaintiffs declined the offer. (*Id.* at 32 (explaining that Plaintiffs did not "take advantage of the opportunity to make additional inquiries" because Plaintiffs' counsel "thought it was a false opportunity").)

Finally, Defendants were not the only party to provide supplemental discovery after the May 17, 2019 fact discovery deadline. Plaintiffs also provided supplemental disclosures,

---

[3] On May 16, 2019, the parties agreed to extend the fact discovery deadline for Parson Kinghorn Harris' 30(b)(6) deposition beyond the May 17, 2019 fact discovery deadline. On May 20, 2019, Plaintiffs informed Defendants that they would take the deposition on May 30, 2019, and on May 22, 2019, Plaintiffs served their Notice of 30(b)(6) deposition for May 30, 2019. On Monday May 27, 2019 (Memorial Day), Plaintiffs' counsel complained via email about Defendants' 30(b)(6) designations and requested a meet and confer. Plaintiffs' counsel stated: "I am available to meet and confer regarding this matter today [Memorial Day] . . . . If we do not hear from you by the end of business tomorrow, we will be forced to file a motion to compel …, move forward with the deposition on Thursday [May 30, 2019] regarding the matters you have designated an individual to testify, and schedule the remaining matters for another date." (Dkt. No. 461-5.)

including Plaintiffs' Fourth Supplemental Initial Disclosures, served on July 3, 2019, which included a report dating back to January 16, 2014. (Dkt. No. 461 at 7.)[4]

Thus, even assuming *arguendo* that Defendants' disclosures were untimely, there is nothing in the record to suggest that Defendants acted willfully or in bad faith. Moreover, Plaintiffs' claims of prejudice resulting from the late disclosures are belied by the fact that Plaintiffs rejected Defendants' offer, in July of 2019, to make Mr. Hoffman available in a supplemental deposition to answer any questions raised by the new documents.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Strike Answer and Enter Default is DENIED in its entirety.

IT IS SO ORDERED.

DATED this 9th day of September, 2019.

BY THE COURT:

_____
Dee Benson
United States District Judge

---

[4] Both parties appear to have provided additional supplemental disclosures, after the close of fact discovery, during May, June, and July 2019. (*See* Dkt. 446 at 16-18; Dkt. No. 461 at 7 ¶ 9.)